IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAVIER HUERTA, ID # 31257-177, ) | | |
|     Petitioner, ) | | |
| vs. ) | | No. 3:09-CV-0008-L-BH |
| ) | | |
| DAVID BERKEBILE, Warden, ) | | |
|     Respondent. ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, a federal prisoner incarcerated in a Federal Correctional Institute (FCI) located in Seagoville, Texas, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the denial of his request for early release under 18 U.S.C. § 3621(e) and to challenge the validity of Program Statement (PS) 5162.04. David Berkebile, Warden of FCI Seagoville, is the respondent.

**B. Procedural History**[1]

Petitioner is serving a federal sentence imposed following his conviction for conspiracy to distribute and possession with intent to distribute marijuana in violation of 21 U.S.C. § 846, which was enhanced for possession of a firearm. On December 7, 2007, petitioner successfully completed

---

[1] The procedural background is taken from petitioner's federal petition for writ of habeas corpus and attachments to that petition. For purposes of these findings, the Court accepts the background information as true whether or not the Court has verified it through independent sources.

a 500-hour Residential Drug Abuse Program (RDAP) at FCI Seagoville and thereafter requested early release pursuant to 18 U.S.C. § 3621(e). Relying on PS 5162.04, the Regional Director of the Bureau of Prisons (BOP) denied the request because, under the BOP's discretionary authority, it concluded that petitioner was not eligible for early release due to the enhancement to his federal sentence for possessing a firearm during the commission of the drug offense for which he was convicted. That denial was affirmed on appeal because the decision that petitioner is precluded from receiving a sentence reduction is consistent with § 3621(e); 28 C.F.R. § 550.58; PS 5330.10, *Drug Abuse Programs Manual*; and PS 5162.04, *Categorization of Offenses*.

Petitioner filed the instant action pursuant to 28 U.S.C. § 2241 to challenge the denial of early release and the validity of PS 5162.04. He argues that the categorical exclusion of § 3621(e) eligibility merely because a prisoner was convicted under § 846 and received a weapon enhancement is arbitrary and capricious under the Administrative Procedures Act (APA). He also suggests that PS 5162.04 is invalid because the BOP violated notice and comment requirements of the APA when it published that policy statement.

## II. EARLY RELEASE

Section 3621(e) grants the BOP discretion in some cases to reduce a prisoner's sentence upon successful completion of a substance abuse treatment program. Only prisoners who have been convicted of "a nonviolent offense" are eligible for such discretionary reduction. *See* 18 U.S.C. § 3621(e)(2)(b). Eligible prisoners who successfully complete the requisite treatment program may obtain up to a one-year reduction in their sentence. *Id.* "The enabling statutes regarding eligibility for substance abuse treatment and related sentence reduction explicitly vest considerable discretion with the Bureau of Prisons." *Venegas v. Henman*, 126 F.3d 760, 762 (5th Cir. 1997); *accord Lopez*

*v. Davis*, 531 U.S. 230, 233 (2001).

To assist in determining when to exercise such discretion, the BOP published regulations and policies that categorically narrow the prisoners who may obtain early release under § 3621. *See* 28 C.F.R. § 550.58; PS 5162.04. Section 550.58(a)(1)(vi)(B) specifically excludes prisoners from early-release consideration when their current felony offense involves "the carrying, possession, or use of a firearm or other dangerous weapon." In addition, through PS 5162.04, "the Bureau also delineated offenses 'with a specific offense characteristic enhancement' that, at the Bureau's discretion, precluded early release eligibility under § 3621(e)" such as when "the offender received a two-level sentence enhancement under the sentencing guidelines for possessing a dangerous weapon during commission of the offense." *Owens v. Van Buren*, No. 4:04-CV-774-Y, 2005 WL 283614, at *2 (N.D. Tex. Feb. 7, 2005) (recommendation of Mag. J. quoting PS 5162.04), *adopted by* 2005 WL 525219 (N.D. Tex. Mar. 7, 2005).

In *Lopez*, the Supreme Court upheld the validity of "categorically" excluding prisoners from eligibility for early release "based on their preconviction conduct" as set forth in 28 C.F.R. § 550.58. *See* 531 U.S. at 244. It stated that the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* "The connection between firearms, drug offenses, and violence is fully supported by the language of the statute, *Lopez*, and just plain common sense." *Minotti v. Whitehead*, ___ F. Supp. 2d. ___, ___, Nos. CIV. RWT-08-1018, CIV. RWT-08-1418, CIV. RWT-08-2084, 2008 WL 4791462, at *10 (D. M.D. Oct. 31, 2008). Because petitioner's current sentence was enhanced for possession of a firearm, the BOP properly denied him eligibility for early release under § 3621(e) through PS

3

5162.04.[2]

Petitioner seeks to distinguish *Lopez* because it did not consider an APA challenge to the categorical exclusion of inmates from § 3621(e) eligibility. His argument is unavailing because, as discussed below, his APA challenges have no merit and therefore no impact on the applicability of *Lopez*.

### III. PS 5162.04

Petitioner seeks to invalidate PS 5162.04 because the BOP violated notice and comment requirements of the APA. However, "a program statement is an internal agency guideline not subject to the notice and comment requirements of the APA." *Owens*, 2005 WL 283614, at *2 (citing *Royal v. Tombone*, 141 F.3d 596, 600 (5th Cir. 1998)). "Program Statement 5162.04 is an internal agency guideline, which is . . . exempted from the requirements of 'notice and comment' because it is accurately characterized as both a general statement of policy as well as a rule of agency procedure or practice." *Minotti*, 2008 WL 4791462, at *9. Thus, the failure to comply with APA notice and comment requirements does not render PS 5162.04 invalid. This APA challenge to the program statement fails.

Petitioner also argues that the promulgation and categorical application of PS 5162.04 is arbitrary and capricious withing the meaning of the APA because the rule fails to articulate a rationale for categorically excluding a class of non-violent offenders from eligibility for § 3621(e) early release. However, PS 5162.04 is "neither arbitrary nor capricious, but rather [is] manifestly correct." *Id.* at

---

[2] While pursuing his challenge through the prison grievance procedure, petitioner relied on *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008). Although petitioner does not rely on that case within his petition, this Court has previously noted that "no court outside the Ninth Circuit has followed *Arrington* and that the decision is contrary to *Lopez v. Davis*, 531 U.S. 230 (2001)." *Ramirez v. Berkebile*, No. 3:08-CV-1899-L, 2008 WL 5435334, at *1 (N.D. Tex. Dec 31, 2008) (accepting recommendation of Mag. J.). For the reasons stated in *Ramirez* and *Minotti*, the Court declines to follow *Arrington*.

*9-10; *accord* *Ramirez v. Berkebile*, No. 3:08-CV-1899-L, 2008 WL 5435334, at *2-3 (N.D. Tex. Dec 31, 2008) (accepting recommendation of Mag. J. which found that 28 C.F.R. § 550.58 was not arbitrary or capricious); *Herrera v. Wendt*, No. 3:04-CV-1430-L, unpub. op. at 1-6 (N.D. Tex. Aug. 1, 2005) (recommendation of Mag. J. finding that "the BOP properly denied petitioner eligibility for early release under § 3621(e) through 28 C.F.R. § 550.58 and Program Statement 5162.04"), *accepted by* unpub. order (N.D. Tex. Sept.23 2005). This APA challenge to PS 5162.04 also fails.

## IV. RECOMMENDATION

The Court should **DENY** the instant petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

**SIGNED this 7th day of January, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE